```
                                                            O
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MOTTASHED,<br><br>　　　　　Petitioner,<br><br>　　　　v.<br><br>JAMES MCDONNELL, SHERIFF, ET AL.,<br><br>　　　　　Respondents. | CASE NO. CV 16-1296-CAS (PJW)<br><br>[PROPOSED] ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

　　　In February 2016, Petitioner filed a petition for a "preemptive writ" of habeas corpus, challenging his January 2015 arrest and subsequent detention in Metropolitan State Hospital in Norwalk, California. (Petition at 2.) He contended that he was arrested on false charges and that his continuing detention violated his right to a fair and speedy trial. (Petition at 2, 3.) On March 2, 2017, Respondent filed a motion to dismiss the Petition on the ground that it was moot in light of the fact that the criminal charges had been dropped. For the following reasons, the Petition is dismissed with prejudice.

　　　In January 2015, Petitioner was arrested for an attempted stabbing. (See Motion, Exh. 18, at 136.) On February 2, 2015, the superior court halted criminal proceedings and ordered that Petitioner

be transferred to the mental health court after his counsel declared a doubt as to his competency. (Motion, Exh. 4, at 41-42.) On April 20, 2015, the medical examiner certified that Petitioner was not competent. The court ordered the criminal proceedings suspended and committed Petitioner to a state hospital for treatment. (Motion, Exh. 5, at 45; Exh. 6 at 49-50.) In July 2015 and February 2016, after reviewing doctors' reports, the court again ordered that Petitioner be held and treated at the state hospital. (Motion, Exhs. 10, 12.) In April 2016, the court ordered the county Public Guardian to investigate whether a conservatorship was appropriate for Petitioner. (Motion, Exh. 15, at 98.) In October 2016, the Public Guardian filed for conservatorship, which the court granted. (Motion, Exh. 21, at 154; Exh. 22, at 156.) In December 2016, the court terminated competency proceedings after finding that there was no substantial likelihood that Petitioner would be restored to competency by his maximum commitment date. (Motion, Exh. 23, at 159.) On February 7, 2017, the superior court dismissed Petitioner's criminal case. (Motion, Exh. 24, at 162.)[1]

The Court has a duty to screen habeas corpus petitions before ordering service on a respondent. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). In doing so, if it plainly appears from the face of a petition that a petitioner is not entitled to relief, the Court can dismiss the petition at the outset. *See* Rule 4, Rules Governing § 2254 Cases.

---

[1] In March 2016, Petitioner filed a pro se civil rights action in the district court, alleging that he was being held without a hearing and medicated against his will. (*Mottashed v. Julia, et al.*, CV 16-1571-CAS (PJW), March 7, 2016 Complaint.) The Court thereafter appointed counsel for Petitioner. On March 23, 2017, the superior court determined that a guardian ad litem should be appointed for Petitioner in his civil rights action in federal court. (*Mottashed v. Julia, et al.*, CV 16-1571-CAS (PJW), Plaintiff's April 3, 2017 Status Report.)

Petitioner contends that he was arrested on false charges and denied the right to a speedy trial. (Petition at 2-3.) Now that the state court has dismissed the criminal charges and he is no longer being held in custody on those charges, however, there is no relief available to him in habeas corpus. *See Burnett v. Lambert*, 432 F.3d 996, 999 (9th Cir. 2005) (dismissing habeas petition as moot where court could not redress petitioner's injury with a favorable decision); *see also Smith v. Fresno County Superior Court*, 2013 WL 1314694, at *2 (E.D. Cal. April 1, 2013) (holding speedy trial claims rendered moot by dismissal of criminal charges); *see generally Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding Constitutional "case-or-controversy requirement" means that a party "must have suffered . . . an actual injury . . . likely to be redressed by a favorable judicial decision" if case is not to be dismissed as moot).[2]

Finally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue in this action. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED

DATED: May 9, 2017.

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE
H:\CASNYDER\R&R & Related - 194\Magistrate Orders\LA16CV01296CASPJW-O.wpd

---

[2] The Court need not and does not address Respondent's contention that the Petition should be dismissed for failure to exhaust state remedies.